65 F.3d 175
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry Darnell SHEPHERD, Plaintiff-Appellant,
v.
Robert G. BORG, Defendant-Appellee.
 No. 95-15564.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Larry Darnell Shepherd, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendant Robert G. Borg, former warden at New Folsom state prison. Shepherd brought a 42 U.S.C. Sec. 1983 claim against Borg alleging that he was deliberately indifferent to the unsafe conditions caused by the lack of ladder access to upper bunk beds. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We review the district court's summary judgment de novo, McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992), and we affirm.
 
 
 3
 In order to prevail on a section 1983 claim that prison conditions violate the Eighth Amendment, a prisoner must show: (1) that there is a deprivation of basic human needs, and (2) that the prison official acted with "deliberate indifference" to prisoner health or safety. See Anderson v. County of Kern, 45 F.3d 1310, 1313 (9th Cir.1995) (citing Farmer v. Brennan, 114 S.Ct. 1970, 1977 (1994)). To show deliberate indifference, the prisoner must demonstrate that the prison official "[knew] of and disregard[ed] an excessive risk to inmate health or safety." Farmer, 114 S.Ct. at 1979.
 
 
 4
 Here, Shepherd claims that he fell from the top bunk bed when he was attempting to get down in the dark, which resulted in a serious shoulder injury. Shepherd alleges that there is no safe method by which to descend from the upper bunk, which is approximately 4.5 feet above the floor. Shepherd further alleges that Borg was deliberately indifferent to the safety risk caused by prisoners attempting to access the top bunk bed without the aid of step ladders.
 
 
 5
 In support of his motion for summary judgment, Borg submitted an affidavit from an administrator at the California Department of Corrections ("CDC") Planning and Construction division which states that the division is responsible for designing new prison facilities, and that wardens are generally not involved in prison design decisions. The affidavit also states that none of the California prisons were designed to provide ladder access to upper bunks. In response to a discovery request, Borg submitted a letter which states that neither he nor the CDC had documentation of any problems which had occurred due to the lack of step ladders.
 
 
 6
 In opposition to defendant's motion for summary judgment, Shepherd failed to offer any evidence that the bunk bed design posed an excessive risk to inmate safety, or that there was a genuine issue of material fact regarding Borg's knowledge of the alleged risk. See Farmer, 114 S.Ct. at 1978; Anderson, 45 F.3d at 1315 (finding that inmate failed to show that temporary placement in safety cell caused "infliction of pain").
 
 
 7
 Because Shepherd failed to proffer evidence which could show that Borg was aware of and disregarded an excessive risk to inmates, the district court did not err by granting summary judgment for defendant Borg. See Celotex v. Catrett, 477 U.S. 317, 322 (1986) (at summary judgment, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case....")
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Shepherd's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3